UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE LEE QUICK,** | : | |
| Plaintiff | : | CIV. ACTION NO. 1:24-CV-1918 |
| v. | : | (JUDGE MANNION) |
| **MATTHEW MENDOFIK,** | : | |
| Defendant | : | |

FILED
SCRANTON
FEB 18 2025
PER _JKC_
DEPUTY CLERK

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. Plaintiff, Eddie Lee Quick, alleges that the sole defendant, Matthew Mendofik, violated his civil rights by restraining him without other correctional officers providing backup to him. For the reasons set forth below, the court will dismiss Quick's complaint without prejudice and grant him leave to file an amended complaint.

### I. BACKGROUND

Quick filed the instant case pursuant to 42 U.S.C. §1983 on November 4, 2024, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). The case was transferred to this district on November 7, 2024, and was initially assigned to United States District Judge

Christopher C. Conner. It was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement.

Quick is currently incarcerated in Huntingdon State Correctional Institution ("SCI-Huntingdon") but was incarcerated in Dallas State Correctional Institution ("SCI-Dallas") at all relevant times. According to the complaint, Quick exited his cell on May 17, 2024, at which point Mendofik, a correctional officer in the prison, gave him an order to "obey by." (Doc. 1 at 2). Quick allegedly "refused that order," and Mendofik then restrained Quick "without backup there to assist him." (*Id.*) The complaint alleges that Mendofik's actions of restraining Quick without the presence of backup officers violated relevant Pennsylvania Department of Corrections policies and violated his rights under the Fifth, Eighth, and Fourteenth Amendments. (*Id.*) Quick seeks damages from Mendofik. (*Id.*) The complaint additionally seeks damages from "Konschnik and all others John Does till named" but does not allege any facts pertaining to these individuals or name them as defendants. (*Id.*)

## II.   STANDARD OF REVIEW

This court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a

claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis*. *Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . .").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v. Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn

3

from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. DISCUSSION

Having reviewed Quick's complaint under the screening provisions of 28 U.S.C. §1915 and 28 U.S.C. §1915A, the court will dismiss it for failure to state a claim upon which relief may be granted. The only wrongdoing alleged in the complaint is that Mendofik restrained Quick without backup officers present. There is no allegation that Mendofik used excessive force or otherwise harmed Quick while restraining him, nor are there any allegations as to what methods or devices, if any, Mendofik used to restrain Quick other than the conclusory assertion that Mendofik restrained him. Thus, Quick appears to seek redress from Mendofik solely because no officers were

present to provide backup to Mendofik. Absent any allegations of excessive force or other constitutional wrongs, the act of restraining an inmate without other officers providing backup simply does not amount to a violation of the Eighth Amendment or any other constitutional provision. *See, e.g.*, *Fears v. Beard*, 532 F. App'x 78, 82 (3d Cir. 2013) (concluding that defendant handcuffing plaintiff without any evidence that defendant used excessive force or otherwise did so for any improper purpose did not violate the Eighth Amendment).

Similarly, to the extent Quick alleges that Mendofik's failure to follow relevant DOC policies constituted a violation of his constitutional rights, his claim is without merit. "[A] violation of prison regulations in itself is not a constitutional violation." *Tennille v. Quintana*, 443 F. App'x 670, 672 n.2 (3d Cir. 2011); *accord Evans v. Columbia Cnty.*, 711 F. Supp. 3d 256, 303 (M.D. Pa. 2024).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The court will grant Quick leave to amend because it cannot say as a matter of law at this stage of litigation that amendment would be inequitable or futile.

## IV. CONCLUSION

For the foregoing reasons, the court will dismiss Quick's complaint without prejudice and grant him leave to file an amended complaint. An appropriate order shall issue.

*Malachy E. Mannion*
**United States District Judge**

Dated: 2/18/24
24-1918-01